IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PROVIDENCE WASHINGTON INSURANCE COMPANY, a Rhode Island corporation, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 06 C 2206 |
| AMERLINK, LTD., New York corporation, RICHARD SPOOR, JOSEPH KINTZ, and ROBIN KINTZ, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Amerlink, Ltd. (Amerlink) agreed to construct a log home for Joseph and Robin Kintz. The Kintzes, who live in Illinois, did not pay, ostensibly because they believed that Amerlink had not properly performed. That has led to major litigations with some rather bizarre consequences, as will be explained.

Amerlink sued the Kintzes where they lived, in Illinois. The Kintzes counterclaimed, but they also brought an independent action in North Carolina, where Amerlink is located. There they added Richard Spoor as a defendant. Spoor is the chief executive officer of Amerlink and the Kintzes claimed he was the alter ego of Amerlink and therefore responsible for any of Amerlink's transgressions. For good measure, they added him as a counter-defendant in Illinois. In the meantime, Amerlink tendered its defense to its insurance carrier, Providence, the plaintiff here. Providence did not think it was obligated to Amerlink under its policy, so it brought its own action here because this was where the original action was, even though Providence's contacts are Rhode Island, North Carolina and possibly Georgia, not

Illinois. It wants a declaration that it is not responsible, and it included Spoor as a defendant.

The naming of Spoor as a defendant in Illinois led to his motion to dismiss for lack of jurisdiction. He, after all, had absolutely no contacts to Illinois, and the only possible basis for jurisdiction here was either a stipulation he entered into solely, he claims, to litigate an alter-ego claim here, or because he is, in law, the equivalent of Amerlink. But jurisdiction over him as a counter-defendant was mooted by the Kintzes dismissing their claims here; they prefer to litigate in North Carolina. So what we have left in Illinois is a suit by a stranger to this forum who seeks relief in a dispute in which the substance of the dispute has moved on to North Carolina. We could, of course, deal with the jurisdictional issues relating to Spoor, but we see no need to. Amerlink and Spoor have also moved to dismiss or, alternatively, to transfer the case to the Eastern District of North Carolina pursuant to 28 U.S.C. §1404(a).

Spoor is unquestionably subject to jurisdiction in North Carolina and that is where he wants to be. Illinois is inconvenient for Providence; it did nothing here. The subject of the action is insurance coverage in North Carolina, not construction defects in Illinois. Illinois is convenient for the Kintzes, but they are already in North Carolina, and that is where they want to be. We see no reason why the parties should continue to litigate a piece of the dispute here, thus increasing the already considerable costs in a not very big case. The motion to transfer is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec 20, 2006.